AMERICAN & GENERAL MORTG. & INV. CORP., Limited, v. MARQUAM et al.

(Circuit Court, D. Oregon. August 13, 1894.)

No. 2,110.

1. ACCOMMODATION INDORSER—EXTENSION—RELEASE.
Where a note secured by a mortgage is signed by one of the makers as an accommodation maker, and the payee, with the knowledge of the fact, extends the time for the principal obligor, the extension of time works his discharge from liability.

2. PAROL EVIDENCE.
The liability of the accommodation signer as a surety may be shown by parol in an action by the payee to foreclose the mortgage.

3. CROSS BILL—DISMISSAL.
A cross bill seeking no discovery, and setting up no defense which might not as well have been taken by answer, will be dismissed.

Bill by the American & General Mortgage & Investment Corporation, Limited, against U. S. G. Marquam and others, to foreclose a mortgage.

Zera Snow, for plaintiff.
Milton W. Smith and U. S. G. Marquam, for defendants.

BELLINGER, District Judge. This is a suit to foreclose a mortgage to secure promissory notes made by Marquam and wife and Campbell. On April 5, 1890, Campbell owned the entire mortgaged premises, and on that date he conveyed an undivided one-half thereof to Marquam. On April 10th following, Marquam conveyed an undivided one-half of his undivided one-half to Livingstone; and, on June 25th, Livingstone reconveyed the same to Marquam. About June 28, 1890, Marquam and wife and Campbell executed the mortgage in suit, to the tract, to the complainant, to secure their promissory notes for $5,500, to become due July 1, 1893. On Sep-

tember 11, 1890, Marquam reconveyed to Livingstone an undivided one-half of the undivided half held by him in the premises. Livingstone assumed one half of the mortgage in suit. On December 29, 1892, Campbell conveyed his remaining one-half interest to Stratton, trustee. On November 17, 1893, Marquam, Livingstone, and Stratton partitioned the land by deed; Marquam and Livingstone taking the west half of the tract, and Stratton the east half. Campbell and Stratton filed their answers, alleging that Campbell signed the note and mortgage sued on for the accommodation of Marquam, and without consideration, of which fact the complainant had notice when it took its mortgage, and that, having this notice, the complainant, after the maturity of the note, for a valuable consideration, gave extensions of time for payment of the note and of installments of interest; and this alleged conduct on complainant's part is relied upon to discharge Campbell's liability, and the lien of the mortgage executed by him. The defendant Lardner answers the bill, alleging the execution by Campbell of a mortgage upon Campbell's interest in the land to him for $1,000, subsequent to complainant's mortgage, and praying that the west half be first sold, and applied on such mortgage, before resorting to lands mortgaged to said defendant. Campbell filed his cross bill, alleging that Livingstone assumed payment of one-half of the complainant's mortgage, and praying that personal liability for any deficiency there may be, be adjudged solely against Marquam and Livingstone. Lardner files a cross bill against Campbell, Livingstone, Stratton, and Drugan, in which he alleges the execution of the mortgage subsequent to that of complainant; the agreement of Livingstone to pay one-half of the complainant's mortgage. Lardner's cross bill also alleges that Stratton assumed and agreed to pay his (Lardner's) note and mortgage. Lardner prays the court to decree that Livingstone pay one-half of the mortgage, according to his agreement, and that in the event of his failure to do so, and of the defendant Lardner being compelled thereby to pay anything to protect his interest, he have a decree against Livingstone for the amount so paid by him. Exceptions to these answers, and demurrers to the cross bills, are filed, and upon these the questions to be decided are raised.

It is claimed in support of the demurrers that the defendants cannot show that Campbell is merely an accommodation maker of the note in question, and hence stands in the relation of a surety, because this is to establish by parol a relationship and obligation different from that expressed in the writing. The rule is otherwise. It is competent for one of two makers of a promissory note, in an action on the note, to prove by parol that he signed the note as surety, to enable him to interpose as a defense that he was discharged by an extension of time given to the principal, with knowledge of the suretyship. Such evidence does not vary the written contract. It merely operates when the creditor has knowledge of it, to prevent him from changing the contract with the principal debtor without consent of the surety, and thus prevents him from impairing the rights of the latter. Hubbard v. Gurney, 64 N. Y. 459; Irvine v. Adams, 48 Wis. 468, 4 N. W. 573; Stillwell v. Aaron,

69 Mo. 539; Bank v. Kent, 4 N. H. 221; Perry v. Hodnett, 38 Ga. 104; Brown v. Rathburn, 10 Or. 158.

The allegations that Campbell's relation was that of a mere surety; that complainant had knowledge of such fact, and with such knowledge, for a valuable consideration, extended the principal creditor's time for payment,—is a good defense as to Campbell's liability, both on the note and mortgage, and this defense is available to Campbell's grantee, or a subsequent mortgagee of the mortgaged premises.

The cross bills present mere matters of defense. Such is not their office. Such a bill seeking no discovery, and setting up no defense which might not as well have been taken by answer, will be dismissed, with costs. 2 Daniell, Ch. Pr. 1552, note.

The alleged agreements of Livingstone to pay half of complainant's mortgage, and of Stratton to pay Lardner's mortgage, are not matters of defense to the complainant's complaint. These agreements were made with the principal debtor. They cannot affect the rights of the complainant. The exceptions to the answers are overruled, and the demurrers to the cross bills are sustained.