# CHARLESTON.

ANNA M. O'BRIEN *et als.* v. CORNELIA M. DRAKE *et al.*

Submitted October 31, 1922.   Decided November 14, 1922.

1.   EQUITY—*Defendant Cannot File Cross-Bill to Obtain Relief Available by Answer.*

A defendant will not be permitted to file a cross-bill to obtain relief which is clearly available to him by an answer. (p. 288).

2.   SAME—*In Suit to Determine Interests of Owners in Real Estate and for General Relief, the Court Had Jurisdiction to Decree Partition.*

In a suit brought for the purpose of determining the interests of owners in real estate, and having an accounting of the rents, issues and profits thereof, and praying also for general relief, the court has jurisdiction to decree partition of such real estate among the owners thereof when the same are determined and their interests therein fixed under the prayer for general relief, and in such suit, as a prerequisite to such partition, the court may determine what interests each of the several parties have in the real estate, and the character thereof. (p. 289).

Appeal from Circuit Court, Wood County.

Action by Cornelia M. Drake and others against Anna M. O'Brien and others. From a decree dismissing cross-bill, the defendants appeal.

*Affirmed.*

*W. H. Wolfe* and *V. B. Archer,* for appellants.
*William Beard,* for appellees.

RITZ, JUDGE:

Several years ago Cornelia M. Drake and others filed a bill in the Circuit Court of Wood County against Anna M. O'Brien, Administratrix of the estate of Dennis O'Brien, deceased, and others, in which it was asserted that the plaintiffs owned certain interests in a tract of about a thousand acres of land, and that the defendants also owned certain interests in said tract of land; that the defendants had ex-. cluded the plaintiffs from said land, and had not accounted to them for their share of the profits arising therefrom. An accounting was asked for, as well as other specific relief, and there was likewise a prayer for general relief. Decrees were entered in that suit denying some of the plaintiff's contentions as to the extent of their interests in the land, but determining that they were entitled to an accounting, and fixing the basis upon which the accounting should be made: The O'Briens applied for and obtained an appeal to this Court from that decree, and the same, so far as it found that the plaintiffs were entitled to an accounting, and fixing the basis thereof, was reversed. The decrees of the Circuit Court, however, which denied some of the plaintiff's contentions as to the extent of their interest in the premises, were affirmed. A full history of this litigation appears in the opinion of Judge POFFENBARGER, reported in 83 W. Va., at page 678.

One of the errors assigned upon that appeal was that the court had not decreed partition of the land among the several owners thereof, but this Court held that the failure of the circuit court to so decree partition was not error, inasmuch as it was not specifically asked for, though it might

have been properly granted under the prayer for general relief. When the case went back to the Circuit Court of Wood County, the plaintiffs here, who were defendants in the original suit, filed this cross bill, the purpose of which was to have the interests of all of the parties determined and fixed, and to have partition of the land among them, if the same was susceptible of partition, and, if not, to have sale thereof. A demurrer was interposed to this cross bill for the reason that the matter set up and relied upon as grounds for relief was not properly the subject of a cross bill, but that all of the relief sought in said cross bill could be obtained upon the bill in the original suit. The court below was of this opinion, sustained the demurrer to the cross bill, and dismissed the same, and it is to review this action of the court that this appeal is prosecuted.

The plaintiffs here apparently rely for reversal of the decree upon a construction of the opinion of this Court upon the former appeal which would deny the right to partition the land in that suit under the pleadings as they then existed, and further insist that, even though the land might be partitioned under the pleadings in that suit, all of the interests of the parties could not be determined therein, wherefore this cross bill should have been sustained. A reference to the decision upon the former appeal will show that it was never held that partition might not be had under the pleadings in that suit, as the same then existed. It was only held that the failure of the circuit court to grant partition in the decree which had been theretofore entered was not error, in view of the fact that it had not been specifically asked for, but the inference is clear in the opinion that partition could be had in that suit if desired.

It is very well established that where the relief sought by a cross bill is such as can be granted upon the original bill and the answer thereto, a demurrer to the cross bill should be sustained. *Kilbreth* v. *Root*, 33 W. Va. 600; *Scott* v. *Rowland*, 82 Va. 484; *American & General Mortgage Corporation* v. *Marquam*, 62 Fed. 960; *Wing* v. *Goodman*, 75 Ill. 159; *Glenn* v. *Clark*, 53 Md. 580; *Krueger* v. *Ferry*, 41 N. J. Eq.

.432; *Thomas* v. *Thomas,* 250 Ill. 354, 23 Am. & Eng. Anno. Cas. 344; 1 Barton's Chancery Practice (2nd ed.) p. 320.

The only question we have to determine, therefore, is whether the relief sought by the cross bill can be granted in the original suit upon the pleadings therein. It is insisted by the appellant that the relief they desire cannot be granted in that suit to the full extent that it is asked in the cross bill; that the interests of the parties in the subject-matter cannot be fully determined upon the pleadings in that suit, and that even if this could be done, still if the court should find that the property is not susceptible of partition in kind, it could not, upon thus finding, decree a sale of the property and a division of the proceeds, nor could the court in that case, according to the contention of the plaintiffs here, properly protect their interests as the operators or lessees of the premises. No reason is perceived by us why the interests of the parties could not be as effectually determined in that suit under the pleadings as they could be in this. It is true the plaintiffs in that suit do not admit that the defendants are interested to the extent that they claim, but that fact can make no difference. The plaintiffs in this suit set up in their pleading fully their contention as to the ownership of the property, and the interests of the respective parties therein. The defendants likewise set up their contention in regard to these matters. All the parties interested are before the court, and the exact interest of each party in the subject-matter can be as fully determined there as it can anywhere else. Nor is there perceived any reason why the rights of the plaintiffs in this cross bill as lessees or operators of the property cannot be as effectually protected there as they can be here. They are before the court, and the people adversely interested are before the court, and the court in that case has full jurisdiction to determine exactly what interest each party owns in this property, and decree accordingly. Neither is there any reason why the court upon the pleadings there cannot order a sale of the property should he find that the same is not susceptible of partition. *Hogan* v. *Ward,* 87 W. Va. 682. In fact, it appears that before this appeal was ob-

tained the plaintiffs in this cross bill filed an amended and supplemental answer in the original suit setting up all of the matters contained in their cross bill, and the court took jurisdiction thereof, and has referred the cause to a commissioner for the purpose of taking evidence in order that he may determine the interests of the parties in the subject-matter in advance of the entry of a decree fixing that interest, and directing partition of the land or a sale, in case partition in kind cannot be had.

We are of the opinion that there is no error in the decree of the circuit court dismissing the cross bill, and the same is affirmed.

*Affirmed.*