# CHARLESTON.

CLEAR FORK COAL COMPANY *et al. v.* ANCHOR COAL COMPANY

(No. 6705)

Submitted May 1, 1928.     Decided May 15, 1928.

(Rehearing Refused October 3, 1928)

STATUTES—*Penal Statutes Are Strictly Construed. Penalty Never Imposed Unless Act for Which Its Infliction Attempted, Within Both Spirit and Letter of Statute.*

Penal statutes are strictly construed. The penalty is never imposed, unless the act for which its infliction is attempted, is within both the spirit and the letter of the statute.

MILLER, LIVELY, JUDGES, dissenting.

Error to Circuit Court, Raleigh County.

Suit by Clear Fork Coal Company against Anchor Coal Company. Judgment for plaintiff, defendant brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Brown, Jackson & Knight, MacCorkle, Clark & MacCorkle* and *McGinnis & McGinnis,* for defendant.

*Payne, Minor & Bouchelle, W. H. File* and *W. E. R. Byrne,* for plaintiff.

LITZ, JUDGE:

This is a writ of error by the defendant, Anchor Coal Company, to a judgment of the circuit court directing a verdict in favor of the plaintiffs for $3500.00.

The plaintiffs sued in debt, February 18, 1927, for the recovery of seven violations of section 7, chapter 79, Code, providing: "No owner or tenant of any land containing coal shall open or sink, or dig, excavate or work in any coal mine or shaft, on such land, within five feet of the line dividing said land from that of another person or persons, without the consent, in writing of every person interested in, or having

title to, such adjoining lands in possession, reversion, or remainder, or of the guardians of any such persons as may be infants. If any person shall violate this section, he shall forfeit five hundred dollars to any person injured thereby, who may sue for the same."

The plaintiffs and defendant own and operate adjoining coal leases under a common lessor. The defendant admits three violations of statute by encroaching upon the leasehold of the plaintiffs. The existence of the other four violations charged depends upon the location of a portion of the line dividing the two properties. Considerable evidence was offered by both parties to sustain the respective locations contended for by each. The line as claimed by the defendant, located by its engineer in 1913, seems to have been adhered to by the plaintiffs thereafter until shortly before the institution of the suit. The mine maps of the plaintiffs and defendant, filed with the Department of Mines, adopted the same location, and the property of the plaintiffs was developed extensively with apparent reference thereto. In view of these and other facts tending to establish long acquiescence on the part of the plaintiffs in the location fixed by the defendant, the trial court improperly directed a verdict insofar as it applies to the disputed invasions. Statutes imposing penalties are subject to the rule of strict construction.

"According to all authorities, penal statutes are to be strictly construed. The penalty is never imposed, unless the act for which its infliction is attempted, is within both the *spirit* and the *letter* of the statute." *Reeves* v. *Ross*, 62 W. Va. 7. In Lewis' Sutherland Statutory Construction, section 526, it is said that the act or omission charged as a violation must come within the letter, spirit and purpose of the statute; and that generally the act or omission must be such as implies an actual and conscious infraction of duty.

Whether the location claimed by the plaintiffs or defendant be the true one, it would certainly not be within the spirit of the statute to hold the defendant liable for its violation in mining with reference to the location fixed by it and acquiesced in by the plaintiff for so long a time. We do not

mean to indicate, however, that the plaintiffs are estopped from asserting the location of the division line different from that fixed by the defendant, or from recovering damage for any trespass by the defendant beyond the true location of the disputed line, as a determination of these questions is unnecessary to a decision in this case.

The judgment is, therefore, reversed, the verdict set aside and a new trial awarded the defendant.

*Judgment reversed; verdict set aside;*
*new trial awarded.*