FRANK B. WILLIAMS *v.* VICTORY COAL COMPANY *et al.*

(CC 547)

Submitted January 14, 1936. Decided January 21, 1936.

*F. E. Parrack,* for plaintiff.
*P. J. Crogan* and *James T. Dailey,* for defendants.

HATCHER, PRESIDENT:

The bill in this case is before us on certificate. The bill alleges that plaintiff Williams, his two brothers and defendant Coal Company jointly owning coal land, entered into a partition agreement on July 22, 1926, allocating the several interests in the land; that plaintiff later purchased the interests of his brothers; that he then proposed to the Coal Company the execution of *inter partes* deeds, but the Company did not accept the proposal; that the Company has taken exclusive possession of the portion of land allotted to it and is mining the coal thereon; that defendant Keener is and has been for several years in full charge of the Company's business; that defendant Davis is mining the coal on the Company's portion under the direction of Keener; that the mining operations thereon have been extended at three places into the portion allotted to plaintiff; and that Keener and Davis "have boasted" of their intention to mine all of

the coal on plaintiff's portion. The bill prays for an injunction against further trespassing, for damages on account thereof, and for specific performance of the partition agreement.

The circuit court expressed the view (in a written opinion) that specific performance of the partition agreement was the main object of the suit, that defendants Keener and Davis were not interested in that object, and hence the bill was multifarious. The several demurrers of defendants to the bill were accordingly sustained.

Ore is inherently of "the substance of the inheritance," and equity is accorded power to restrain its removal. *Bettman* v. *Harness*, 42 W. Va. 433, 26 S. E. 271, 36 L. R. A. 566; *Morison* v. *Am. Ass'n.*, 110 Va. 91, 65 S. E. 469; Snyder on Mines, Secs. 1628-9; High on Injunctions, (4th Ed.), Sec. 730. When the removal of valuable ore is properly alleged, averment of irreparable injury is not requisite. Such injury will be inferred. 32 C. J. Subject Injunctions, Sec. 543. The mining of plaintiff's coal (his in equity) as alleged in this bill, is attributable to all the defendants jointly. They had "a community of interest" in the enterprise. Their conduct affords the plaintiff both a ground for injunctive relief and a common cause of complaint against them. His joint complaint unifies them in defense. Whatever justifies the trespass of one will justify that of all. Because of the alleged boast of Keener and Davis to mine all of plaintiff's coal, they cannot be indifferent to his demand for a deed to his portion (the object of their alleged rapacity) from their principal and joint tort-feasor, the Coal Company. We are therefore of opinion that the bill is not multifarious, and presents a cause cognizable in equity. *Shafer* v. *O'Brien*, 31 W. Va. 601, 606-7, 8 S. E. 298; Story, Eq. Pl. (10th Ed.) Sec. 533; Pomeroy's Eq. Juris (4th Ed.) Sec. 274.

Plaintiff's demand for damages is no deterrent to equitable relief. *Rees* v. *Coal Mining Company*, 88 W. Va. 4, 106 S. E. 247. "A court of equity possesses facilities for ascertaining and settling the rights of the parties by reference to a commissioner or by directing an issue

of *quantum damnificatus* to be tried by a jury, if any party asks it. * * * Having jurisdiction, equity should, to prevent multiplicity of suits, administer full relief." *Nelson* v. *Phares*, 33 W. Va. 279, 285, 10 S. E. 398, 400.

The ruling of the circuit court is accordingly reversed.

*Reversed.*