FRANK B. WILLIAMS *v.* VICTORY COAL COMPANY *et al.*

(No. 8547)

Submitted May 18, 1937. Decided June 26, 1937.

*P. J. Crogan* and *J. T. Dailey,* for appellants.
*F. E. Parrack,* for appellee.

RILEY, JUDGE:

This is a suit in equity brought by the plaintiff, Frank B. Williams, against the defendants, Victory Coal Company, a corporation, T. U. Keener and R. M. Davis, to enjoin the defendants in their mining operations from committing further trespasses upon coal property claimed by the plaintiff; to recover certain penalties under Code 1931, 37-5-1, and other damages caused by such trespasses; and for specific performance of the provisions of a certain contract of partition between the plaintiff and his two brothers, on the one part, and the defendant Coal Company on the other.

The chancellor held the answers insufficient on demurrer and the defendants filed amended answers. In the order sustaining demurrers to the amended pleadings, the chancellor decreed that the bill of complaint be taken for confessed, so far as it alleged that plaintiff was the owner of the Upper Freeport coal, within the boundaries marked "Frank Williams 17.387 Ac. Coal", on map No. 1, exhibited with the bill of complaint, and that the defendant Coal Company "owns all of the coal in question lying west of said 17.387-acre parcel", etc., and, further, that he recover $1,000.00, representing the statutory penalty for two encroachments. It is from the foregoing rulings that the defendants prosecute the present appeal.

The contract in question, dated July 22, 1926, involves the partition of the coal underlying land known as the Washington Williams tract. This tract is rectangular in shape, the long part extending north and south. A valley running in a northeasterly direction across the tract separates the Upper Freeport acreage into two parts, the major portion lying to the south and a small triangular boundary to the northwest. The southern acreage is adjacent to lands of both the defendant Coal Company and the Robert Williams heirs. The small triangular body of Freeport coal, however, does not actually adjoin either.

The contract provides in part as follows:

"The said first and second parties hereby

agree to partition and divide said (Upper Freeport) coal giving to the second party its two-fifths interest at the western part of said tract and adjoining other lands of said second party the first parties to take their three-fifths interest on the eastern part of said tract and adjoining lands of Robert Williams' heirs; said partition to be made so that the respective parties hereto shall have their three-fifths and two-fifths respectively of Upper Freeport seam of coal as well as their respective and proper amounts of any other seams of coal under said Freeport seam."

The bill of complaint avers, among other things, that, in 1926, after the execution of the contract, the plaintiff and his two brothers executed inter-partes deeds, whereby plaintiff was given the coal to the west and adjoining that of the coal company; that in determining the coal company's two-fifths part under said contract, the deeper seams of coal were not to be taken into consideration, but the line was to be fixed with reference to the Upper Freeport coal; that the lines as run to partition said Upper Freeport coal were to effect and be the boundary lines of all other coal underlying said land, regardless of acreage; that after the execution of said contract, and the delivery of said deeds, the plaintiff caused the two-fifths part of said coal to be surveyed by a surveyor named Purinton and the boundary thereof to be so marked as to plainly designate the division between his coal and that of the defendant Coal Company, causing said boundary to be marked by straight lines through said parcel of land so located as to give on the west side thereof and adjoining other property of said coal company a full two-fifths of the Upper Freeport coal under the entire parcel of land, making due allowance for and not including the outcrop of said coal as a part thereof, but including sufficient marketable coal to make up said two-fifths; that there was no dispute and never had been any dispute or disagreement between the parties as to the outcrop lines of the Upper Freeport coal, nor as to the true division line if the division line laying off the two-fifths and three-fifths, respectively, is

to be a straight line across the tract of land.

When the bill was here on certificate, we reversed the chancellor's action in sustaining a demurrer on ground of multifariousness, on the theory that there was a sufficient "community of interest" in the enterprise, to afford plaintiff both a ground for injunctive relief and a common cause of complaint against the several defendants. *Williams* v. *Victory Coal Co.*, 117 W. Va. 9, 183 S. E. 520.

The answer of the Victory Coal Company, the principal defendant, after denying (1) that plaintiff's alleged "survey, if made, is correct", and (2) that it gives "defendant on the west side thereof and adjoining other property of this defendant a full two-fifths of the coal as provided for in said written contract", avers that, after the contract was executed, the plaintiff and defendant finally agreed (in 1933) on a surveyor who was to run the line according to the contract; that both parties agreed to submit to, and abide by, the division so made; that the surveyor did run said division line according to contract; that he made a plat, which is an exhibit to said answer; that he gave defendant a copy of the plat and that plaintiff never complained of the division so made to the knowledge of defendant until the bringing of the present suit. This plat shows a north and south line through the coal area to the south of the creek seventy-five feet to the east of, and parallel to, plaintiff's alleged line, and another line through the triangular area to the west of, and parallel to, plaintiff's line. The two lines on defendant's plat do not join; and, for that reason, do not make any division of the Washington W. Williams tract. They purport only to divide each of the two bodies of the Upper Freeport coal.

After a consideration of the foregoing pleading the chancellor, in sustaining the demurrer, decreed, among other things, that the part of the answer which alleges that defendant denies the division line of plaintiff's map, gives a full two-fifths of the coal adjoining its other coal property; and denies that said line is a correct division line between the parties, is indefinite and in-

sufficient as an answer to the allegations of the bill of complaint. As appears from this order the court further sustained the demurrer on the ground that the contract provided for a line running through the entire tract, and that defendant had no right to claim a two-fifths in the southern boundary of coal.

Subsequently, amended answers were filed. That of the Victory Coal Company avers that the division line, as shown on plaintiff's map No. 1 is in violation of the contract, in that it seeks to give defendant a portion of the triangular tract of coal in order to make up its two-fifths; that to give two-fifths adjoining other lands no part of the triangular parcel should be included, as no part thereof adjoins defendant's other coal or property; that if the division line as contended for by plaintiff must be a straight line, it should be a straight line giving two-fifths of coal adjoining defendant's other coal or property, according to the contract, but should not include in the parcel assigned to defendant any coal not so adjoining its other coal or property. A demurrer was filed to the answer. In sustaining the demurrer, the chancellor decreed that the bill be taken for confessed in certain particulars, and judgment entered, as indicated earlier in this opinion.

After a consideration of the pleadings, we are of the opinion that the allegations of the answers amount to a denial of the averments in the bill of complaint to the effect that the parties to the contract had in fact effected a voluntary partition of the coal underlying the Washington W. Williams 144-acre tract. The decrees complained of must be reversed and the cause remanded for the taking and consideration of proof on this issue of fact thus raised. In the light of this holding, the trial chancellor's action in striking the testimony of T. U. Kenner need not be considered on this appeal.

If, upon final hearing on this remand, the issue of fact as to whether or not there was a voluntary partition by the parties, as charged in the bill of complaint, is on clear and convincing proof found in favor of the plaintiff, then the defendants, upon the record, are admittedly

guilty of two encroachments, and liable for penalties under Code 1931, 37-5-1. The court, in the instant case, having equitable jurisdiction on other grounds would have the right to enforce statutory penalties for any encroachments in case the plaintiff should succeed in establishing a voluntary partition. 1 Pomeroy, Eq. Juris., section 237, note 3.

If the chancellor should, after a full development of the cause, be of opinion that the plaintiff had failed to establish the contention that the parties had effected a voluntary partition, as alleged in the bill of complaint, the latter, upon request for such action, could have compulsory partition under his prayer for general relief. In *Jarrett* v. *Johnson,* 11 Gratt. 327, the plaintiff claimed to be the purchaser claiming to be entitled to a portion of land under an agreement, prayed for specific performance of the agreement and for partition according to the legal rights of the parties. The Virginia court refused the special relief prayed for and held that under the general prayer, the plaintiff was entitled to have partition according to their rights in the land. See also, *Gideon* v. *Putnam Development Co.,* 113 W. Va. 200, 167 S. E. 140; *Blake* v. *Blake,* 98 W. Va. 346, 128 S. E. 139; *O'Brien* v. *Drake,* 92 W. Va. 286, 114 S. E. 615; *Taylor* v. *Taylor,* 76 W. Va. 469, 85 S. E. 652; *Custer* v. *Hall,* 71 W. Va. 119, 76 S. E. 183; *Waldron* v. *Harvey,* 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959; *Stewart* v. *Tennant,* 52 W. Va. 559, 44 S. E. 223. The fact that the property involved is a vien of coal is no deterrent to partition in kind. *Smith* v. *Greene,* 76 W. Va. 276, 85 S. E. 537; 47 Corpus Juris, 291, section 56.

The decree of the circuit court is reversed, the decretal judgment set aside, and the cause remanded for further proceedings in conformity with the principles herein set forth.

*Reversed and remanded.*

FOX, JUDGE, concurring:

I concur in the result announced, but do not thereby

commit myself to the theory that the penalty provided for in Code, 37-5-1 may be imposed where there is a dispute as to the location of a line separating property, the whole of which was formerly held by the parties to the litigation as joint tenants, a relationship which, under the circumstances of this case, may, in a technical sense, be said to have existed at the time of the encroachments complained of; for whether there ever was a meeting of the minds of the joint tenants as to the partition may be questioned. As presently advised, I am inclined to the belief that where there has been an attempted partition, and one joint tenant has removed coal from a part of the tract, under the belief entertained in good faith, and based on his understanding of the attempted partition, that he was operating within the boundaries of the tract assigned to him, and it afterwards develops that he was beyond such boundaries, he can only be held to account for the value of the coal removed, and any damages occasioned by the technical trespass, and that the case is not such as justifies the imposition of penalties. I think the fact of the joint tenancy, and the further fact that it may reasonably be claimed that it has not been terminated, distinguishes this case from the ordinary case of a disputed line as between adverse claimants. I think, also, that the rule announced is not in harmony with the decision in *Clear Fork Coal Co.* v. *Anchor Coal Co.*, 105 W. Va. 570, 144 S. E. 409, wherein this court said:

> "Penal statutes are strictly construed. The penalty is never imposed, unless the act for which its infliction is attempted, is within both the spirit and the letter of the statute."

I am authorized to state that Judge Hatcher concurs in this note.