346 S.E.2d 52

**William A. RAY,**

**v.**

**R. Michael MANGUM, Sheriff of Raleigh County, West Virginia and Honorable Thomas Canterbury, Judge of the Circuit Court of Raleigh County, West Virginia.**

**No. 17109.**

Supreme Court of Appeals of
West Virginia.

July 8, 1986.

Ernest V. Morton, Jr., Morton & Morton, Webster Springs, for petitioner.

Mary Beth Kershner, Asst. Atty. Gen., Charleston, for respondents.

McHUGH, Justice:

This case is before this Court upon the petition of William A. Ray to prohibit an

---

order entered on March 20, 1986, by the Circuit Court of Raleigh County which ordered the sheriff of that county to destroy approximately 65 gamecocks allegedly used in cockfighting activity. This Court has before it the petition for the writ of prohibition, the answer to the petition, all matters of record, and briefs.

Petitioner is the owner of five of the gamecocks which have been ordered destroyed.

The respondents are the Sheriff of Raleigh County, who seized the birds, and the Circuit Judge of Raleigh County, who ordered the destruction of the birds.

## I

On March 8, 1986, the sheriff and members of his department entered a building and arrested many persons for engaging in illegal cockfighting activity.[1] Approximately 65 gamecocks were seized. The gamecocks were taken to the Raleigh County Humane Society for temporary shelter.

The respondent petitioned the Circuit Court of Raleigh County to have the birds humanely destroyed. By order entered on March 20, 1986, the circuit court ordered the respondent to destroy the gamecocks.

By order entered on March 25, 1986, this Court (1) ordered the respondents to show cause why relief in prohibition should not be awarded against them and (2) ordered that the gamecocks be returned to their rightful owners pending the outcome of this proceeding.

## II

The sole issue presented to this Court is whether the gamecocks are contraband within the meaning of *W. Va. Code*, 61–8–19 [1931] and therefore subject to destruction.

*W. Va. Code*, 61–8–19 [1931] provides in pertinent part:

> If any person ... shall be engaged in or employed at cockfighting, dogfighting, bearbaiting, pitting one animal to fight against another of the same or different kind, or any similar cruelty to animals, or shall receive money for the admission of any person, or shall knowingly purchase an admission, to any place kept for such purpose, or shall use, train or possess a dog or other animal for the purpose of seizing, detaining, or maltreating any other domestic animal, he shall be guilty of a misdemeanor, ...

■ Petitioner contends that the gamecocks in question do not constitute contraband pursuant to the above statute. Petitioner also maintains that he received insufficient notice as to certain judicial determinations concerning the birds, which infringed on his right to due process.[2] Conversely, the respondent stresses that the gamecocks are not contraband *per se*, but that the use of the gamecocks by their owners for unlawful purposes causes them to become contraband.

Even if we were to find that the gamecocks in question were seized as contraband, *W. Va. Code*, 61–8–19, *et seq.*, provide us with no guidance as to disposition of the birds. The respondent, however, cites statutory authority for the destruction of animals in the custody of the county humane officer if the animal is "injured, disabled, diseased past recovery or unfit for any useful purpose." *W. Va. Code*, 7–10–5 [1931].

---

1. The record indicates that the petitioner, William A. Ray, was at the scene of the raid and was charged with illegal cockfighting activity. Ray testified that he entered a plea of *nolo contendere* to the charge and paid a fine. He contends, however, that he stopped at the scene on the way home from a trip to North Carolina and was in the building merely to pick up some gamecocks.

Because of his plea, we do not address the issue of whether mere "presence" at a cockfight is sufficient to support a conviction. *W. Va.*

*Code*, 61–8–22 [1931]; *W. Va. Code*, 61–8–23 [1931].

2. This Court finds merit in the petitioner's contention that the owners did not receive sufficient notice with regard to the judicial determination that the gamecocks be destroyed. The petitioner has asserted that the owners did not have sufficient time to prepare an adequate defense to the sheriff's petition to destroy the gamecocks, because they were notified of the March 14, 1986, hearing less than 24 hours before it was scheduled.

Various statutes relate in a tangential manner to the issue now before us. *W. Va. Code,* 7–10–5 [1931], authorizes the destruction of certain animals, not including gamecocks; *W. Va. Code,* 57–5–11 [1975], authorizes the "destruction" of certain exhibits used in litigation; *W. Va. Code,* 20–7–8 [1963], authorizes the "disposal" of certain property used for illegal purposes;[3] and *W. Va. Code,* 61–10–1 [1970], authorizes the "destruction" of certain gaming equipment.

Yet none of the aforementioned statutes contain provisions which authorize the destruction of the gamecocks in this case. While *W. Va. Code,* 7–10–5 [1931] is fundamentally concerned with the public health,[4] the remaining statutes focus on the disposal of items used in litigation or those which have been appropriated for unlawful purposes.[5]

Especially relevant here is *W. Va. Code,* 61–10–1 [1970],[6] which authorizes the destruction of gaming equipment. The respondent erroneously attempts to equate the gamecocks with slot machines and gaming tables, to which this provision is directed. The statute is precise in its language and focuses on mechanical gaming devices which are clearly distinguishable from the live birds involved in the case before us. It should not therefore be interpreted to authorize the destruction of gamecocks as "gaming equipment."

Both federal and state statutes regulating the unlawful use, seizure and forfeiture of contraband articles have been construed by courts to be penal in nature. *See* 49 U.S.C. § 782 (1982); *United States v. One 1947 Oldsmobile Sedan,* 104 F.Supp. 159 (D.N.J.1952); *Fla.Stat.Ann.* §§ 932.701–932.704 (West 1981); *In Re 36' Uniflite, "Pioneer I," Reg. No. FL 7894 AH,* 398 So.2d 457 (Fla.Dist.Ct.App.1981).

In West Virginia, penal statutes are strictly construed. *State v. Vandall,* 170 W.Va. 374, 294 S.E.2d 177 (1982); *Dials v. Blair,* 144 W.Va. 764, 111 S.E.2d 17 (1959); *Clear Fork Coal Co. v. Anchor Coal Co.,* 105 W.Va. 570, 144 S.E. 409 (1928). Generally, penal statutes will not be extended by construction, but must be limited to cases clearly within its language and spirit. *Myers v. Murensky,* 162 W.Va. 5, 245 S.E.2d 920 (1978). If the legislature desired to allow the destruction of gamecocks, it could have specifically authorized such destruction.

■ Thus, absent any specific statutory authorization, a court may not order destruction of the birds in question. Although we have discussed other related statutory authority, none explicitly provides for the destruction of gamecocks.

We recognize the irony of not allowing the gamecocks to be humanely destroyed in light of the fact that they cruelly kill each other during cockfighting. It is not our function, however, to rewrite the pertinent penal statute to authorize the humane destruction of gamecocks seized as the result of illegal cockfighting.

Accordingly, we hold that absent express statutory authority providing for the humane destruction of gamecocks seized as a

---

**3.** This statute provides for the seizure and disposition of property used for some illegal purpose. The legislature has enumerated property which is subject to this provision including: "firearms, fishing equipment, traps, boats, or any other device, appliance or conveyance, *but shall not include dogs.*" (emphasis added).

Prior to an amendment in 1961, *W. Va. Acts,* c. 133, dogs had been explicitly mentioned as property subject to impoundment. The inference may be drawn that the legislature sought to protect live animals from unnecessary, inhumane destruction.

**4.** *W. Va. Code,* 7–10–5 [1931] provides:

Any such officer may lawfully destroy or cause to be destroyed any animal in his charge, when in the judgment of such humane officer, and by the written certificate of a regularly licensed veterinary surgeon, such animal appears to be injured, disabled, diseased past recovery or unfit for any useful purpose.

**5.** *See W. Va. Code,* 57–5–11 [1975] and *W. Va. Code,* 20–7–8 [1963], respectively.

**6.** *W. Va. Code,* 61–10–1 [1970] provides in pertinent part: "Any person who shall keep or exhibit a gaming table, ... or faro bank, or keno table, or any slot machine, multiple coin console machine, multiple coin console slot machine or device in the nature of a slot machine, ... shall be guilty of a misdemeanor, ..."

result of illegal cockfighting in violation of *W.Va.Code*, 61–8–19 [1931], such game-cocks ordinarily must be returned to the owners thereof.

For the foregoing reasons, the writ is granted.

Writ granted.