**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No.  17-0985** (16-PCR-384-H))

**Jared Green,**
**Defendant Below, Petitioner**

FILED

**November 16, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jared Green, by counsel Steven K. Mancini, appeals the August 5, 2017, order of the Circuit Court of Raleigh County ordering the destruction of petitioner's seized Remington 30-06 carbine rifle (the "rifle") because petitioner "used [it] in the commission of a violent misdemeanor crime (brandishing) of which [petitioner] was convicted." Respondent State of West Virginia, by counsel Zachary A. Viglianco, responds in support of petitioner's appeal on the ground that the circuit court did not have any legal authority to order the rifle's destruction.

This Court has considered the parties' briefs, the record on appeal, and the applicable law. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the limited circumstances requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision. For the reasons expressed below, the Court finds the circuit court committed reversible error when it ordered the rifle's destruction absent legal authority to do so. Thus, we reverse the August 5, 2017, order and remand the case to the circuit with directions to enter an order requiring the State to return petitioner's rifle.

On January 18, 2016, petitioner was charged with various misdemeanor crimes, including brandishing a deadly weapon. That weapon is the rifle at issue in this appeal, which petitioner claims is a family heirloom. The State took petitioner's rifle into custody at the time of his arrest. At an April 19, 2016, magistrate court hearing, petitioner pled no contest to the misdemeanor brandishing charge and the magistrate court dismissed the other charges. Petitioner contends that, at the magistrate court hearing, the State agreed petitioner's rifle should be returned to him; however, no such agreement was included on the plea agreement form. The magistrate directed the parties to proceed to the circuit court with regard to the rifle.

Thereafter, the parties drafted an order for the circuit court's review, which, if adopted, would have returned the rifle to petitioner's sister. However, the circuit court declined to enter the draft order and, instead, set a hearing on the matter. The prosecutor who appeared for the State at that hearing (the "new prosecutor") was not the same prosecutor involved in petitioner's magistrate court proceedings. The new prosecutor opposed the return of petitioner's rifle because there was no writing regarding its return and petitioner entered a no-contest plea to the charge of

brandishing. The circuit court requested a copy of petitioner's criminal history and took the matter under advisement.

On October 5, 2017, the circuit court ordered the rifle be destroyed because it was "used in the commission of a violent misdemeanor crime (brandishing) of which [petitioner] was convicted." The order did not cite to any statutory authority or other legal precedent in support. Petitioner now appeals that order.

As we have oft said,

[i]n reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

Petitioner's sole assignment of error on appeal is that the circuit court erred in ordering the destruction of his rifle because the court had no legal authority to do so. Petitioner admits that many West Virginia Code sections allow for the destruction of seized property. However, he argues that none of those sections apply in this case.[1] Petitioner also analogizes the facts in this case to *Ray v. Mangum*, 176 W.Va. 534, 346 S.E.2d 52 (1986), in which the lower court ordered the destruction of gamecocks seized by the State for illegal cockfighting. In *Ray*, we found that "[a]bsent any specific statutory authorization," "a court may not order destruction" of seized property. *Id.* at 536, 346 S.E.2d at 54. "If the legislature desired to allow the destruction of [seized property], it could have specifically authorized such destruction." *Id.* Thus, the seized property cannot be destroyed. *Id.* Accordingly, petitioner concludes that because the circuit court had no "specific statutory authorization" to order the destruction of his rifle, the order on appeal must be reversed and his rifle must be returned to him.

Like petitioner, the State cites to various statutes regarding the taking and/or destruction of seized property, and concludes that none of those statutes or any other law gave the circuit court legal authority to order the destruction of petitioner's rifle.[2] The State also admits that petitioner is not a felon and that he has not been found guilty of a domestic violence-related crime; therefore, he is not prohibited from possessing a firearm. *See* W.Va. Code § 61-7-7. Accordingly, the State concurs with petitioner that the order on appeal is ultra vires and must be reversed.

---

[1] Petitioner cites to West Virginia Code §§ 20-7-8; 29-22B-1801; 47-23-10; 60-6-20; 60A-7-703; 61-3-22a(f); 61-8C-7, -8 and -9; 61-10-1; and 62-1A-7.

[2] The State cites to West Virginia Code §§ 20-2-58, 20-7-8(c), 36-8A-5(f), 57-5-11, 61-7-7 and -11, and 62-1A-7.

As accurately reported by the parties, the circuit court cited to no authority in support of its order that petitioner's rifle be destroyed. Moreover, petitioner and the State agree that petitioner is not precluded from being in possession of a firearm. Accordingly, and in light of our holding in *Ray*, we concur with the State's conclusion that the order on appeal is ultra vires and, therefore, the circuit court abused its discretion in ordering the destruction of petitioner's rifle.

Accordingly, for the foregoing reasons, we reverse the circuit court's August 5, 2017, order requiring the destruction of petitioner's rifle and remand with instructions to the circuit court to order that petitioner's Remington 30-06 carbine rifle be returned to him.

Reversed and remanded.

**ISSUED:** November 16, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

3