# CHARLESTON.

STATE *v.* JAMES LARKIN

STATE *v.* HARRY SIMMONS

(Nos. 6286, 6287)

Submitted September 10, 1929. Decided September 17, 1929.

*Brown W. Payne,* for plaintiffs in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflin,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant in each of these cases was tried before a justice of the peace of Raleigh county on a warrant charging him, while operating an automobile for hire under a Class H-3 license, with receiving passengers within two hundred feet of a building at Lester, Raleigh county, maintained as a designated stop by D. S. Hill and J. E. Tolbert in the operation of a bus line over a regular route, in violation of section 82, chapter 17, Acts 1925, which provides: "All vehicles operating under the provisions of Class H-3, shall operate from a stand or stands and the road commission shall have power to grant a certificate to any applicant who operates from a stand or stands, and who does not propose to operate upon a regular schedule, but who is privately employed for a specific trip and who will not solicit or receive patronage along a

route for which a certificate of convenience has been granted by the state road commission for the operation of vehicles over a regular route or between fixed *termini. Provided, however,* that vehicles operating under Class H-3 may receive passengers along routes for which a certificate of convenience has been granted, but not at or within two hundred feet of any building owned or maintained as a designated stop.''

Upon appeals from judgments of conviction before the justice, the defendants were tried and convicted in the criminal court of Raleigh county. The evidence tends to prove that each of the defendants, while operating an automobile as an employee of James Nelson under Class H-3 license, received passengers at a stand, established and maintained by Nelson in conducting the business, within two hundred feet of a terminus, but not between the *termini* or along the route over which the bus line was operated. Each defendant contends that such proof is insufficient to justify his conviction. As the alleged violation of neither defendant is shown to be within the letter of the statute, the trial court should have sustained motions to set aside the verdicts as contrary to the law and the evidence. Penal statutes are strictly construed against the state and favorably to the liberty of the citizen; the general rule being that such statutes will not be extended by construction, but must be limited to the cases clearly within the language used. *State* v. *Blake,* 95 W. Va. 467. ''Under that rule, the meaning and scope of a statute falling within it, depend upon its spirit and letter. It embraces only what comes within both. It does not apply to a thing within its spirit and not within its letter. *Bank* v. *Thomas,* 75 W. Va. 321; *Harrison* v. *Leach,* 4 W. Va. 383; *Davis* v. *Com.,* 17 Gratt. 617. Nor does it apply to what is within its letter and not within its spirit or purpose. *Coal & Coke Ry. Co.* v. *Conley and Avis,* 67 W. Va. 129, 162; *Brown* v. *Gates,* 15 W. Va. 131; *United States* v. *Kirby,* 7 Wall. (U. S.), 482; *Reniger* v. *Spoggassa,* Plow. 13.'' *State* v. *Blazovitch,* 88 W. Va. 612.

The attorney general does not answer any of the questions, involving the merits, in either case, but relies solely on motions to dismiss the writs as improvidently awarded, because

of 'alleged non-finality of the orders of the circuit court refusing writs of error and affirming the judgments of the criminal court. Like motions of the state having been overruled by orders entered at a former term of this Court, the issue presented is *res judicata*.

The judgments complained of will therefore be reversed, the verdicts of the jury set aside and new trials awarded the defendants.

*Reversed and remanded.*