STATE OF WEST VIRGINIA

*v.*

KENNETH A. RILEY

(No. 13491)

*and*

STATE OF WEST VIRGINIA

*v.*

DONALD W. CUSHWA

(No. 13494)

Decided June 3, 1975.

*Robert M. Steptoe* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *Richard E. Hardison*, Deputy Attorney General, *E. Leslie Hoffman, III*, Assistant Attorney General, for defendant in error.

BERRY, JUSTICE:

Appeals were filed in this Court by Kenneth A. Riley and Donald W. Cushwa, hereinafter referred to as appel-

lants, from separate judgments entered against them on March 26, 1974 in the Circuit Court of Berkeley County, wherein the Circuit Court found each of the appellants guilty of operating a motor carrier in West Virginia while the vehicle was not equipped with a West Virginia Public Service Commission identification card in the cab, in violation of Code, 24A-6-4, as amended. This Court granted appellant Riley's appeal on June 17, 1974 and on June 24, 1974 appellant Cushwa's appeal was granted. Subsequently, on September 5, 1974 the Court granted a joint motion for the consolidation of the cases by the parties. On April 29, 1975 the consolidated case was submitted for decision upon the briefs and oral arguments on behalf of the respective parties.

On November 10, 1973 the appellants, as employees of Spurgeon Trucking, Inc., were driving dump trucks owned by Spurgeon Trucking, Inc., a Maryland Corporation which does business in West Virginia. The trucks the appellants were driving were stopped by an investigator for the Public Service Commission of West Virginia and the investigator asked the appellants to produce a uniform vehicle identification card required by Code, 24A-6-4, as amended. Neither of the appellants was able to produce the identification card and both drivers were subsequently arrested and taken before a justice of the peace whereupon they were found guilty of violating the statute. The appellants appealed their convictions to the Circuit Court of Berkeley County and each of them filed a motion to quash the warrants, contending the warrants failed to allege that the appellants were "motor carriers", as required by the statute. Their motions to quash were denied, and on March 25, 1974 the appellants were tried by the Circuit Court without a jury and found guilty as charged and each of the appellants was fined $100 and costs.

It is the contention of the appellants that under the statute only Spurgeon Trucking Company can be prosecuted for violation of the statute. The statute in question, Code, 24A-6-4, as amended, reads as follows:

The commission shall prescribe a uniform vehicle identification card which shall be displayed within the cab of each power unit operated by any motor carrier, showing thereon the description and serial number of the vehicle for which it is issued and the number given to the vehicle by the commission, and may contain such other information as may be required by the commission. Such cards shall be issued annually and displayed in each such power unit not later than July first of each year. *It shall be unlawful for any motor carrier to operate any power unit within this State unless said identification card is displayed within such vehicle.* It shall be unlawful for the motor carrier, his agent, servant, or employee, or any other person to use or display said identification card or other insignia of authority from the commission at any time after the certificate or permit issued to said motor carrier has expired or has been cancelled, suspended, revoked, or otherwise disposed of. (Emphasis supplied)

It is clear from the underscored portion of the above-quoted statute that it is unlawful for any *motor carrier* to fail to display the required identification card within the vehicle. Under Code, 24A-1-2(e), and (g), as amended, motor carrier "means any person who undertakes, whether directly or by lease or any other arrangements, to transport passengers or property, * * *, for the general public over the highways of this State by motor vehicles for hire, * * *." "Person" is defined by 24A-1-2(d) as "any individual, copartnership, corporation, company, * * *." Thus a motor carrier is defined as a person or corporation which enters into a contractual relationship with the public to transport persons or property for hire. Obviously, a mere employee is not in a position to enter into such a contractual arrangement and thus could not be considered a "motor carrier" within the provisions of the statute. An agent, servant or *employee* of a motor carrier can be held in violation of the statute for displaying such identification card after it has expired or been cancelled, suspended, revoked or otherwise dis-

posed of. The language of this statute is clear and unambiguous, and in such case it is the duty of the courts not to construe but to apply the statute. *Eggleton v. State Workmen's Compensation Commissioner*, decided by this Court May 20, 1975; *State ex rel. Carson v. Wood*, 154 W. Va. 397, 175 S.E.2d 482 (1970); *State v. Patachas*, 96 W. Va. 203, 122 S.E. 545 (1924). This principle is clearly stated in point 2 of the syllabus of the *Eggleton* case in the following language: "Where a statute is plain and unambiguous, a court has a duty to apply and not to construe its provisions." Even if the statute were found to be ambiguous, it is a penal statute and penal statutes are strictly construed against the state and favorably for the defendant. *State ex rel. Carson v. Wood, supra*; *Dials v. Blair*, 144 W. Va. 764, 111 S.E.2d 17 (1959); 17 M.J. Statutes §67 (1951).

The appellants as mere employees do not come within the definition of "motor carrier" and thus could not be prosecuted individually for failure to display the required identification card. Therefore, their convictions for such violation are void.

The warrants issued against the appellants were invalid and the motions to quash the warrants should have been granted by the trial court.

For the reasons stated herein the judgments of the Circuit Court of Berkeley County are reversed.

*Judgments reversed.*