JACKSON L. MYERS

*v.*

HON. RUDOLPH J. MURENSKY, *Judge*

(No. 14159)

Decided July 11, 1978.

*Harry G. Camper, Jr., Camper & Seay* for relator.

*Wade T. Watson,* Prosecuting Attorney, for respondents

McGraw, Justice:

In this original proceeding, the relator, Jackson I. Myers, seeks a writ of prohibition against Rudolph J. Murensky, Judge of the Circuit Court of McDowell County, and Wade T. Watson, Prosecuting Attorney of McDowell County to preclude further proceedings against him on a

two-count indictment charging him with two negligent homicide offenses under W.Va. Code § 17C-5-1.[1]

The criminal charges arise out of an automobile collision between the relator's automobile and a second vehicle resulting in the death of both the driver and a passenger of the latter vehicle. Counsel for the relator filed a motion to quash or dismiss the indictment, or in the alternative, to sever the counts for trial purposes or to require the State to elect upon which count it would proceed. This motion, based on several interrelated grounds, was overruled by the trial court, and the same issues are now raised in this proceeding.

The specific question we address may be stated as follows: Where a single act of a defendant results in the death of two or more persons under circumstances which would justify a conviction for negligent homicide under W.Va. Code § 17C-5-1(a), has such offense been committed as many times as there are persons killed?

The question of whether a single act can create multiple criminal offenses where there are multiple victims has resulted in a definite split of authority in this country, *see*, 22 C.J.S. Criminal Law § 9(2). The majority view with respect to multiple deaths from the negligent operation of a motor vehicle favors considering each death as a separate offense. *Lawrence v. Commonwealth*, 181 Va. 582, 26 S.E.2d 54 (1943); *People v. Allen*, 368 Ill. 368, 14 N.E.2d 397 (1938); 7 Am. Jur.2d *Automobiles and Highway Traffic* § 344 (1963); Annot. 172 A.L.R. 1053 at 1062 (1948); E. Fisher & R. Reeder, *Vehicle Traffic Law*, ch. 10 at 109-10 (1974 rev. ed.)

---

[1] W.Va. Code § 17C-5-1(a) provides:

When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide. 1951 W.Va. Acts, ch. 129.

W.Va. Code § 17C-5-1(b) sets forth the penalty as follows:

Any person convicted of negligent homicide shall be punished by imprisonment for not more than one year or by fine of not less than one hundred dollars nor more than one thousand dollars, or by both such fine and imprisonment. 1951 W.Va. Acts ch. 129.

Most of the decisional law examined dealt with common law manslaughter offenses. In many instances, the outcome turned on the scope of the particular jurisdictions' constitutional or common law double jeopardy jurisprudence since, prior to *Benton v. Maryland*, 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed.2d 707 (1969), the double jeopardy clause of the Fifth Amendment to the United States Constitution was not applicable to the states through the due process clause of the Fourteenth Amendment. However, no such issue is presented in this proceeding

Whether the negligent homicide statute creates separate criminal offenses for each homicide is the question we must address in light of long-standing common law principles governing the application and construction of criminal or penal statutes. The relator argues that the statute creates "only one offense for the one act of driving in reckless disregard of the safety of others, and that the gist of the offense created by the statute is the driving of a vehicle in reckless disregard of the safety of others." The respondents respond that the reason for the enactment of the negligent homicide statute was to protect individual victims from persons driving vehicles in reckless disregard of the safety of others. Moreover, respondents assert the negligent homicide statute is not directed primarily at reckless drivers, because a separate statutory provision[2] makes reckless driving a crime.

The statutory language, in the opinion of the Court, is not sufficiently precise and definite to indicate the Legislature intended that the killing of each person, in the manner prescribed in the statute, would constitute a separate and distinct criminal offense. The statute creating the substantive offense does not expressly create more than one distinct criminal offense for each death resulting from the act or conduct specified in the stat-

---

[2] W.Va. Code § 17C-5-3(a) reads:

Any person who drives any vehicle in wilful or wanton disregard for the safety of persons or property is guilty of reckless driving.

ute, nor does the penalty section of the statutory provision speak to multiple deaths. Of course, it would be a simple matter for the Legislature to draft the statute so as to create multiple offenses and to provide for cumulative punishment for each death should it consider such as being sound public policy. But the fact remains that the statute does not explicitly create separate offenses equal to the number of deaths resulting from the unlawful conduct of driving a motor vehicle in reckless disregard for the safety of others.

In *Bell v. United States*, 349 U.S. 81, 75 S. Ct. 620, 99 L. Ed. 905 (1955) the United States Supreme Court, Mr. Justice Frankfurter writing for the majority, held that the transportation of two women on the same trip and in the same vehicle, in violation of the Mann Act,[3] constituted but a single offense. The majority recognized that competent counsel "could persuasively and not unreasonably reach either of the conflicting constructions," *Id.* at 83, as to whether or not a separate offense was created as to each woman or girl transported in interstate commerce. Finding the statute ambiguous, the Court resolved the doubt "against the imposition of a harsher punishment." *Id. Bell* involved a statute remarkably similar to our negligent homicide statute.

Our statute, although it does not explicitly create separate offenses for each death, is susceptible of that reading. It has two possible meanings and, thus, is ambiguous. We do not have the benefit of legislative history as in the federal system, and the language of the statute does not clearly set forth the intent of the Legislature. The Court is not at liberty to consider the intent or purpose of a criminal statute to the extent possible in other areas of the law where the Legislature's intent is not precisely expressed. In this jurisdiction the common

---

[3] The Mann Act, 18 U.S.C. § 2421 (1910) then stated:

"Whoever knowingly transports in interstate ... commerce ... *any woman or girl* for the purpose of prostitution ... or for any other immoral purpose. ... "Shall be fined not more than $5,000 or imprisoned not more than five years, or both." (emphasis supplied.)

law prevails; ambiguous penal statutes are strictly construed against the State and favorably to the liberty of the citizen. Syl. pt. 2, *State v. Riley*, ___ W. Va. ___, 215 S.E.2d 460 (1975); syl. pts. 3 of the companion cases of *State ex rel. Carson v. Wood*, 154 W. Va. 397, 175 S.E.2d 482 (1970) and *State ex rel. Gillespie v. Wood*, 154 W. Va. 422, 175 S.E.2d 497 (1970). *See* 17 *M.J. Statutes* § 67 (1951). Moreover, "it is a general rule that a penal statute will not be extended by construction, but must be limited to cases clearly within its language and spirit." Syl. pt. 2, *State v. Larkin*, 107 W. Va. 580, 149 S.E. 667 (1929). "It [the penal statute] does not apply to a thing within its spirit and not within its letter." *Id.* at 582, 149 S.E. at 668.

Accordingly, we conclude that the negligent homicide statute, W.Va. Code § 17-5C-1(a) creates only one criminal offense regardless of the number of deaths proximately caused by a single act of operating a motor vehicle in reckless disregard of the safety of others.

It necessarily follows that the indictment is not void, and the trial court may proceed thereon. However, the defendant, if convicted, on either or both counts, shall be guilty of only one offense and shall be subject to only one penalty.

*Writ denied.*