703 S.E.2d 539

STATE of West Virginia, Plaintiff

v.

Dennis R. GIBSON, Defendant.

No. 35520.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 22, 2010.

Decided Oct. 28, 2010.

Carl L. Harris, Esq., Prosecuting Attorney of Fayette County, Fayetteville, WV, for Plaintiff.

Nancy S. Fraley, Esq., Public Defender Corporation, Fayetteville, WV, for Defendant.

BENJAMIN, Justice:

In this case, this Court answers the following question certified by the Circuit Court of Fayette County:

> Must both of the two prior convictions for criminal acts of domestic violence [as defined and obtained in accord with West Virginia Code § 61-2-28], which are alleged within an indictment charging a current allegation of domestic violence as a third offense felony, have been obtained against a defendant within ten years of said current allegation, for said prior convictions to be properly used to charge the current allegation of domestic violence as a third offense felony?

The circuit court answered the question in the affirmative. For the reasons that follow, we answer the question in the negative.

## I.

## FACTS

The defendant below, Dennis R. Gibson, was charged with Third Offense Domestic Battery, a felony, pursuant to W. Va.Code § 61-2-28(d) (2004). The indictment alleges that the defendant committed the charged offense on May 5, 2009. The indictment further alleges that the defendant previously has been convicted of two separate offenses of domestic battery, one on June 29, 1998, and the other on February 2, 2004. With regard to the indictment, the circuit court ultimately certified the question set forth above to this Court.

## II.

## STANDARD OF REVIEW

This Court has held that "[t]he appellate standard of review of questions of law answered and certified by a circuit court is *de novo*." Syllabus Point 1, *Gallapoo v. Wal-Mart Stores, Inc.*, 197 W.Va. 172, 475 S.E.2d 172 (1996).

## III.

## DISCUSSION

The sole issue before this Court is whether the crime of felony third offense domestic battery under W. Va.Code § 61–2–28(d), requires the third offense to occur within ten years of both prior convictions or only one prior conviction of any of the domestic violence offenses enumerated in the statute. It is the Plaintiff State of West Virginia's position that the defendant's third domestic battery offense must occur within ten years of only one of the defendant's prior domestic violence convictions. The defendant asserts, to the contrary, that the defendant's third offense must occur within ten years of both of the prior domestic violence convictions.

In order to answer the certification question, this Court must examine the language of W. Va.Code § 61–2–28(d). According to this code section:

> Any person who has been convicted of a third or subsequent violation of the provisions of subsection (a) or (b) [1] of this section, a third or subsequent violation of the provisions of section nine [§ 61–2–9] [2] of this article where the victim is a family or household member[,] was a current or former spouse, current or former sexual or intimate partner, person with whom the defendant has a child in common, person with whom the defendant cohabits or has cohabited, a parent or guardian, the defendant's child or ward or a member of the defendant's household at the time of the offense or who has previously been granted a period of pretrial diversion pursuant to section twenty-two [§ 61–11–22], article eleven of this chapter for a violation of subsection (a) or (b) of this section or a violation of the provisions of section nine of this article in which the victim was a current or former spouse, current or former sexual or intimate partner, person with whom the defendant has a child in common, person with whom the defendant cohabits or has cohabited, a parent or guardian, the defendant's child or ward or a member of the defendant's household at the time of the offense, or any combination of convictions or diversions for these offenses, **is guilty of a felony if the offense occurs within ten years of a prior conviction of any of these offenses and, upon conviction thereof,** shall be confined in a state correctional facility not less than one nor more than five years or fined not more than two thousand five hundred dollars, or both. (Footnotes and emphasis added).

The language at issue is "a prior conviction of any of these offenses."

In determining the meaning of the statutory language, this Court first must determine whether the language is ambiguous.

1. W. Va.Code § 61–2–28(a) and (b) provide that,

(a) *Domestic battery.*—Any person who unlawfully and intentionally makes physical contact of an insulting or provoking nature with his or her family or household member or unlawfully and intentionally causes physical harm to his or her family or household member, is guilty of a misdemeanor and, upon conviction thereof, shall be confined in a county or regional jail for not more than twelve months, or fined not more than five hundred dollars, or both.

(b) *Domestic assault.*—Any person who unlawfully attempts to commit a violent injury against his or her family or household member or unlawfully commits an act which places his or her family or household member in reasonable apprehension of immediately receiving a violent injury, is guilty of a misdemeanor and, upon conviction thereof, shall be confined in a county or regional jail for not more than six months, or fined not more than one hundred dollars, or both.

2. The relevant sections of W. Va.Code § 61–2–9 (2004) provide:

(b) *Assault.*—If any person unlawfully attempts to commit a violent injury to the person of another or unlawfully commits an act which places another in reasonable apprehension of immediately receiving a violent injury, he shall be guilty of a misdemeanor and, upon conviction, shall be confined in jail for not more than six months, or fined not more than one hundred dollars, or both such fine and imprisonment.

(c) *Battery.*—If any person unlawfully and intentionally makes physical contact of an insulting or provoking nature with the person of another or unlawfully and intentionally causes physical harm to another person, he shall be guilty of a misdemeanor and, upon conviction, shall be confined in jail for not more than twelve months, or fined not more than five hundred dollars, or both such fine and imprisonment.

"A statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning." *Sizemore v. State Farm General Ins. Co.,* 202 W.Va. 591, 596, 505 S.E.2d 654, 659 (1998) (citation omitted). However, "[t]he fact that parties disagree about the meaning of a statute does not itself create ambiguity or obscure meaning." *T. Weston, Inc. v. Mineral County,* 219 W.Va. 564, 568, 638 S.E.2d 167, 171 (2006) (citation omitted). Moreover, "[c]ourts always endeavor to give effect to the legislative intent, but a statute that is clear and unambiguous will be applied and not construed." Syllabus Point 1, *State v. Elder,* 152 W.Va. 571, 165 S.E.2d 108 (1968).

This Court finds that the statutory language at issue unambiguously provides that the defendant's third offense of domestic violence must occur within ten years of only one of the defendant's prior convictions of domestic violence enumerated in the statute. Under our law, "[i]n the absence of any specific indication to the contrary, words used in a statute will be given their common, ordinary and accepted meaning." Syllabus Point 1, *Tug Valley v. Mingo Cty. Comm.,* 164 W.Va. 94, 261 S.E.2d 165 (1979). When we apply this rule to the language at issue, we conclude that the words "a conviction" plainly indicate one conviction.

The defendant argues that the language is ambiguous because it is unclear whether the language "a prior conviction of any of these offenses" refers to the types of convictions which may be used or whether the language refers to only one of the two required offenses necessary to enhance what would normally be a misdemeanor into a felony. We reject this argument. We believe that if this legislature had intended that the third offense domestic battery offense occur within ten years of both prior convictions for domestic violence, the legislature would have so provided by making the word "conviction" plural. As we previously have recognized, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Mangus v. Ashley,* 199 W.Va. 651, 658, 487 S.E.2d 309, 316 (1997) (citation omitted). For these reasons, we conclude that the words "a conviction" indicate that the defendant's third offense of domestic battery must occur within ten years of only one of the defendant's prior domestic violence convictions in order to enhance the third offense to a felony.

Accordingly, for the reasons stated above, we now hold that a person convicted of a third or subsequent offense of domestic violence under W. Va.Code § 61–2–28(d) (2004) is guilty of a felony if the offense occurs within ten years of one of the prior convictions for any of the offenses of domestic violence enumerated in the statute.

## IV.

## CONCLUSION

For the foregoing reasons, we answer the certified question as follows:

> Must both of the two prior convictions for criminal acts of domestic violence [as defined and obtained in accord with West Virginia Code § 61–2–28], which are alleged within an indictment charging a current allegation of domestic violence as a third offense felony, have been obtained against a defendant within ten years of said current allegation, for said prior convictions to be properly used to charge the current allegation of domestic violence as a third offense felony?

Answer: No.

Certified question answered.

Justice KETCHUM and Justice McHUGH dissent and reserve the right to file dissenting opinions.

KETCHUM, J., dissenting:

Every member of this Court agrees that domestic violence is a scourge on society, one that should be forthrightly addressed by the law. However, I respectfully disagree with the majority opinion's conclusion that *W.Va. Code,* 61–2–28(d) [2004] is "clear and unambiguous." I believe that the statute is poorly

drafted, vague and should be thoroughly re-written by the Legislature.

As it is currently written, *W.Va.Code,* 61–2–28(d) can be given two reasonable interpretations. *W.Va.Code,* 61–2–28(d) states:

> Any person who has been convicted of a third or subsequent violation ... of this section ... is guilty of a felony if the offense occurs within ten years of a prior conviction of any of these offenses ...

The circuit judge read this statute to mean that only prior convictions occurring within 10 years may be considered in deciding whether a person is guilty of a third offense. The majority opinion, however, reads this statute to say that if the current third offense occurs within 10 years of any *one* of the prior convictions, then the current offense can be a third-offense felony.

I believe that the majority opinion is wrong because of the long-standing, *constitutional* rule that criminal statutes are always to be construed *against* the State, not in favor. Our rule in reading criminal statutes is well established: "Penal statutes must be strictly construed against the State and in favor of the defendant." Syllabus Point 3, *State ex rel. Carson v. Wood,* 154 W.Va. 397, 175 S.E.2d 482 (1970). *See also,* Syllabus Point 1, *Myers v. Murensky,* 162 W.Va. 5, 245 S.E.2d 920 (1978) ("Ambiguous penal statutes must be strictly construed against the State and in favor of the defendant."); Syllabus Point 2, *State v. Riley,* 158 W.Va. 823, 215 S.E.2d 460 (1975) ("Penal statutes are strictly construed against the state and favorably for the defendant."); Syllabus Point 1, *State v. Larkin,* 107 W.Va. 580, 149 S.E. 667 (1929) ("It is a general rule that a penal statute will not be extended by construction, but must be limited to cases clearly within its language and spirit.").

The circuit court correctly found that *W.Va.Code,* 61–2–28(d) is vague, ambiguous, and subject to different reasonable interpretations. I therefore respectfully dissent from the majority's opinion.

I am authorized to state that Justice McHUGH joins in this dissent.